Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@ toddflaw.com
Attorneys for Plaintiff,
ARMANDO POLINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO POLINO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>TOYO INK AMERICA, LLC and DOES 1 to 100, inclusive,<br><br>     Defendants. | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S COMPLAINT FOR VIOLATIONS Of THE FAIR LABOR STANDARDS ACT AND CALIFORNIA LABOR CODE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ARMANDO POLINO (hereinafter "Plaintiff"), hereby submits this Complaint against Defendants TOYO INK AMERICA, LLC, and DOES 1 through 100, and other as yet unknown entities (hereinafter collectively referred to as "Defendants" or "TOYO") on behalf of himself and all other NON-EXEMPT employees of TOYO,

who were misclassified as exempt from the requirements of the Fair Labor Standards Act.

## INTRODUCTION

1.      This is a representative action for recovery of penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 (B).

2.      This Complaint also challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against NON-EXEMPT PRODUCTION/LAB ASSOCIATEs of Defendants.

3.      Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and as an opt-out Rule 23 class action on behalf of himself and the proposed Rule 23 Class to remedy violations of California state law, as described herein.

4.      Plaintiff seeks penalties and wages on behalf of himself and other current and former employees of defendants as provided herein.

5.      Plaintiff brings this action pursuant to FLSA, on behalf of himself and for the benefit of all other persons employed by Defendants, and each of them, in the position of "PRODUCTION/LAB ASSOCIATE" covered by Wage Orders 4 and/or 7 who were not paid wages pursuant to California law due to their misclassification as an "exempt" employee, during the FLSA Period (which commences one year prior to the filing of this action and continues until judgment is rendered herein) (hereinafter "NON-EXEMPT PRODUCTION/LAB ASSOCIATE")  All allegations in this wage and hour Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel.  Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel.  Each allegation in this wage and hour Complaint either has evidentiary

support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

6.     On information and belief, for at least one year prior to the filing of this action and through to the present, Defendants jointly employed Plaintiff and each of the NON-EXEMPT PRODUCTION/LAB ASSOCIATE throughout the United States of America, and maintained and enforced against Plaintiff and each of the NON-EXEMPT PRODUCTION/LAB ASSOCIATE the systemic policies, practices, and/or customs complained of herein.  Plaintiff seeks relief on behalf of himself, and the NON-EXEMPT PRODUCTION/LAB ASSOCIATE, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the FLSA ,which have resulted in the failure of Defendants to pay Plaintiff and the NON-EXEMPT PRODUCTION/LAB ASSOCIATE all wages owed to them. In addition, Defendants' violations of the FLSA has resulted in numerous violations of the California Labor Code, the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement for the subclass of Non-Exempt Production/Lab Associates employed in California (hereinafter the "California Class").

7.     "FLSA Period" shall mean the period from one year prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different FLSA Period as discovery in this matter proceeds.

8.     Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of all NON-EXEMPT PRODUCTION/LAB ASSOCIATE in, among other things, failing to provide the statutorily required meal and rest periods and failing to pay the statutorily required meal period and rest period premium wages when not provided, failing to pay all minimum, regular and overtime wages due, failing to pay wages in a timely fashion, including at

the end of employment, mis-classifying employees so as to avoid payment of overtime wages, and failing to keep statutorily required payroll records.

9. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the *FLSA* by creating and maintaining policies, practices and customs that fail to correctly classify employees as non-exempt pursuant to *FLSA* Section 216(B).

10. In addition, Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violation of the California Class by creating and maintaining policies, practices and customs that: (a) fail to pay all final wages in a timely fashion; (b) fail to pay required minimum, regular and overtime wages; (c) fail to pay all meal and rest period premium wages; (d) fail to provide, or timely provide, all required meal and rest periods; and (e) fail to keep proper records pursuant to *California Labor Code* § 226 and

11. The policies, practices and customs of Defendants described above and below to the California Class have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

12. Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and NON-EXEMPT PRODUCTION/LAB ASSOCIATE, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and each of the NON-EXEMPT PRODUCTION/LAB ASSOCIATE to timely payment of their wages.

<u>JURISDICTION AND VENUE</u>

13. This Court has original federal question jurisdiction under 28 U.S.C. Section 1331 for the claims brought under the *FLSA*, 29 U.S.C. Section 201, *et seq*. This Court has supplemental jurisdiction for all claims asserted under the California *Labor Code* and the California *Business & Professions Code*, in that the claims under these California state and federal claims derive from a common nucleus of operative fact, the

state claims will not substantially dominate over the *FLSA* claims, and exercising supplemental jurisdiction would be in the interest of judicial economy, convenience, fairness and comity

14.    Independently, this Court has original jurisdiction for the California state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332, in that the estimated damages involved in the California claims will exceed $5,000,000 and the parties to this action are residents of different states.

15.    Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the Northern District of California and Defendant conducts business in the County of Alameda, California.

## **PARTIES**

16.    Plaintiff is informed and believes and based thereon alleges that Defendant TOYO INK AMERICA, LLC is an Illinois corporation, which regularly does business throughout the State of California.  Plaintiff is informed and believes and thereon alleges that Defendants, at all times herein mentioned, is and was doing business in the County of Orange, State of California. Plaintiff is informed and believes and thereon alleges that, for purposes of California Labor Code §558, Defendants are an "employer or other person acting on behalf of an employer," of each member of the AGGRIEVED EMPLOYEES who were employed in California and suffered the Labor Code violations alleged in this Complaint.  Plaintiff further alleges, on information and belief, that Defendants caused the Labor Code violations, which are alleged in this Complaint.

17.    Whenever in this Complaint reference is made to "TOYO," such allegations collectively mean and refer to Defendant TOYO INK AMERICA, LLC, and its subsidiaries and divisions.

18.    Plaintiff ARMANDO POLINO at relevant times herein was employed as a lab/production associate by Defendants in the county of Orange, California.

19.     Although Plaintiff was employed as a Lab/Production Associate he spent the majority of his time performing non-managerial duties.

20.     In addition, through common company policies and procedures, he was routinely deprived the opportunity to exercise independent judgment and discretion in matters of significance to the office, and to Defendants' business, and his job duties and authority were reduced to clerical and sales duties, similar to those of other non-exempt employees working in the office.

21.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

22.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names.  Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as other NON-EXEMPT LAB/PRODUCTION ASSOCIATES and members of the general public, damages as more specifically identified below.

23.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

24.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter

ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

25.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

26.     Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each Defendants were completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

27.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

///

# FACTUAL ALLEGATIONS-*FLSA*

### (All Class Members)

28.     At all times herein mentioned, NON-EXEMPT PRODUCTION/LAB ASSOCIATE, including Plaintiff, were employees of Defendants in the United States of America, and Defendants were and are employers employing persons in the United States of America.  As such, NON-EXEMPT PRODUCTION/LAB ASSOCIATE, including Plaintiff, were the type of persons contemplated to be protected by *FLSA* and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

29.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of United States' wage and hour laws.

30.     Plaintiff is informed and believes and based thereon alleges that, during the FLSA Period, Defendants had a consistent policy or practice of failing to compensate NON-EXEMPT PRODUCTION/LAB ASSOCIATE, including Plaintiff, overtime pay for all overtime hours.

31.     Plaintiff was "placed" on salary and so did not receive overtime for his extra hours of work.

32.     Plaintiff is informed and believes and based thereon alleges that, during the FLSA Period, Defendants had a consistent policy and practice of treating other Non-Exempt Production/Lab Associates similarly.

33.     Plaintiff is informed and believes and based thereon alleges that Defendants enacted this policy and practice for the purpose of cheating its employees from the pay owed to them in order to reap their own person benefits.

# FACTUAL ALLEGATIONS-*California Labor Code*

### (The California Class)

34.     Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that NON-EXEMPT

PRODUCTION/LAB ASSOCIATE, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

35.     Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of requiring NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, to continue working through meal periods, or were required to stay on the premises during their meal periods, or were interrupted during their meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked.

36.     Plaintiff is informed and believes and based thereon alleges, during the Class Period, Defendants had a consistent policy or practice of failing to compensate NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, for duty-free meal periods that were not provided within the first five (5) hours of any shift of six (6) or more hours worked, and for on-duty meal periods.

37.     Plaintiff is informed and believes and based thereon alleges that Defendants know, should know, knew or should have known that NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

38.     Plaintiff is informed and believes and based thereon alleges that during the Class Period, Defendants had a consistent policy or practice of failing to provide to NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, one (1) ten (10) minute break for each shift of four (4) hours or more worked.

Plaintiff's Complaint And Jury Demand

39.     Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of failing to compensate NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, for missed rest breaks that were not provided within each four (4) hours of a shift.

40.     Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of failing to compensate NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, overtime pay for all overtime hours, and regular pay for any regular hours worked, and at least minimum wage for all hours worked.

41.     Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of failing to provide NON-EXEMPT PRODUCTION/LAB ASSOCIATEs in California, including Plaintiff, with accurate wage statements reflecting the true number of hours worked due to Defendants' failure to provide lawful, timely, and duty-free meal and rest periods and failure to document all hours worked.

## CLASS ACTION ALLEGATIONS

COLLECTIVE CLASS:

(FLSA Collective Class Actions)

42.     The FLSA Collective Class: Plaintiff brings Cause of Action One, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. Section 216(b), individually and on behalf of the following class of persons:

> All current and former non-exempt production/lab associates of TOYO who have worked in the United States at any time during the last three years, plus periods applicable tolling.

43.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. Section 216(b) and who have previously filed consent to join forms in any transferred actions.

44.     Plaintiff, individually and on behalf of other similarly situated employees seek relief on a collective basis challenging among other FLSA violations, TOYO's practice of failing to accurately to pay employees for all hours worked, including overtime compensation, and failing to properly calculate and pay overtime compensation that was recorded. The number and identity of other Plaintiff yet to opt in and consent to be party Plaintiff may be determined from TOYO's records, and potential class members may easily and quickly be notified of the pendency of this action.

California Class Action Allegations:

(California Class)

45.     California Class: Plaintiff brings Cause of Action Two through Ten as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), individually and on behalf of the following class of persons:

> All current and former non-exempt production/lab associates employed by TOYO who have worked in California within the applicable statute of limitations.

> Sub-Class 1:

> All class members whose employment with Defendants has ended.

46.     Excluded from the California Class are TOYO, any entity in which TOYO has a controlling interest or which has a controlling interest in TOYO, and TOYO's legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

47.     The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the California Class.

48.     Plaintiff is informed and believes, and on that basis alleges, that during the class period, hundreds have been employed by TOYO Defendants as Production/Lab Associates in the State of California. Because so many persons have been employed by Defendants, the members of the plaintiff class are so numerous that joinder of all members is impossible and/or impracticable.

49.      Plaintiff' claims are typical of the members of the plaintiff class. Plaintiff, like other members of the class of Production/Lab Associates working for TOYO in California, were subjected to TOYO's policy and practice of refusing to pay overtime in violation of California Wage and Hour laws. Plaintiff' job duties were and are typical of those of other class members who worked for TOYO as Production/Lab Associates in California.

50.      The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporate defendant like TOYO.  In the absence of a class action, TOYO would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of the California state laws. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to TOYO's conduct over and again.

51.      Common questions of law, in fact, exist as to all members of the plaintiff class and predominate over any questions affecting solely individual members of the plaintiff class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

      a. Whether TOYO's policies and practices described in this Complaint were and are illegal;

      b. Whether TOYO has engaged in a common course of failing to compensate its non-exempt employees for all hours worked, including straight time and overtime;

c. Whether TOYO has engaged in a common course of requiring or permitting its non-exempt employees to work off the clock without compensation;

d. Whether TOYO has engaged in a common course of requiring or permitting its non-exempt employees not to report all hours worked;

e. Whether TOYO has engaged in a common course of failing to maintain true and accurate time records for all hours worked by its non-exempt employees;

f. Whether TOYO has engaged in a common course of failing to factor in all forms of remuneration to calculate overtime pay rates;

g. Whether TOYO has engaged in a common course of failing to provide nonexempt employees with accurate itemized wage statements;

h. Whether TOYO has engaged in a common course of altering the time records of its non-exempt employees;

i. Whether TOYO has engaged in a common course of failing to provide its non-exempt employees with rest breaks;

j. Whether TOYO has engaged in a common course of failing to provide its non-exempt employees with uninterrupted meal breaks;

k. Whether TOYO has engaged in a common course of failing to pay nonexempt employees all wages due upon termination;

l. Whether TOYO has engaged in a common course of failing to pay its nonexempt employees for all vested and unused vacation pay at the time of termination;

m. Whether TOYO has engaged In unfair competition by the above-listed conduct; and

n. Whether TOYO's actions were willful.

52. The Class Representatives will fairly and adequately protect the interests of their respective Classes. The Class Representatives have retained competent and capable

attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. The Class Representatives and their counsel are committed to prosecuting this action vigorously on behalf of the various Classes and have the financial resources to do so. Neither the Class Representatives nor their counsel have interests that are contrary to or that conflict with those of the proposed class.

53.     Class certification of the respective classes is appropriate under Federal Rule of Civil Procedure 23(b )(3) because questions of law and fact common to class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

54.     TOYO has acted or refused to act on grounds generally applicable to the California Classes, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the California Classes as a whole. Prosecution of separate actions by individual members of the California Classes would create the risk inconsistent or varying adjudications with respect to individual members of the California Classes that would establish incompatible standards of conduct for TOYO.

55.     Plaintiff know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(B))

### -BROUGHT BY PLAINTIFF AND THE COLLECTIVE CLASS-

56.     At all times material herein, Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

57.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the

production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

58.     TOYO is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

59.     TOYO  violated the FLSA by failing to pay and properly calculate overtime. In the course of perpetrating these unlawful practices, TOYO has also willfully failed to keep accurate records of all hours worked by its employees. TOYO failed to compensate Plaintiff and the Collective Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, TOYO has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1).

60.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the Collective Class.

61.     Plaintiff and the Collective Class are victims of a uniform and company-wide compensation policy. Upon information and belief, TOYO is applying this uniform policy of illegally reducing or modifying recorded hours, including overtime to all non-exempt Production/Lab Associates employed nationwide during the last three years. Additionally, TOYO is applying its uniform policy of: refusing to allow Plaintiff and the Collective Class to properly record all hours worked, including hours worked in excess of forty per work week; erasing or modifying their time sheets to eliminate or reduce hours worked, including overtime hours; providing "comp time" in lieu of paying overtime; requiring them to work during uncompensated break and failing to pay overtime on bonus pay.

62.     Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this

Complaint, plus periods of equitable tolling, because TOYO acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

63.     TOYO has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, ·Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find TOYO did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiff and the Collective Class members are entitled to an award of pre-judgment interest at the applicable legal rate.

64.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by TOYO from Plaintiff and the Collective Class. Accordingly, TOYO is liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper. WHEREFORE, Plaintiff and the Collective Class, pray for relief as follows:

> a. Designation of this action as a collective action on behalf of the proposed FLSA classes and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the Collective Class members opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);
>
> b. A declaration that TOYO is financially responsible for notifying all FLSA Class Members of its alleged wage and hour violations;
>
> c. Designation of the Law Offices of Todd M. Friedman as the attorneys representing the putative collective action Plaintiff;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.;*

e. An award of damages for overtime compensation due to Plaintiff and the Collective Class, including liquidated damages, to be paid by TOYO;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## SECOND CAUSE OF ACTION

### Unpaid Overtime Wages

### (California *Labor Code* §§ 510, 1194 and 1198,

### and Industrial Welfare Commission Wage Order No. 4 and 7)

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

65.     Plaintiff realleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.     This action is brought, in part, pursuant to the Wage Order and *California Labor Code* §§ 510, 1194 and 1198.  Under the Wage Order and *California Labor Code* § 510, Defendants were required to compensate Plaintiff for all overtime, calculated at one and one-half (1-½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day, and two (2) times the regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) day of work.

67.     While employed by Defendants, Plaintiff was required to work more than eight (8) hours in a day or forty (40) hours in a week.   Regardless of the number of actual hours worked, and even though Plaintiff is not exempt from California overtime

laws, Plaintiff is not and was not afforded overtime compensation for any hours in excess of eight (8) hours in a workday and/or forty (40) hours per week.  By failing to compensate Plaintiff for the hours actually worked, Defendants have failed and continue to fail to pay the overtime compensation owed to Plaintiff pursuant to the Wage Order and the California *Labor Code*.

68.     Plaintiff is informed and believes and based thereon alleges that Defendants' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of *California Labor Code* § 1194, applicable regulations, and the Wage Order. Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff for overtime compensation earned as required by California law.

69.     The conduct of Defendants and their agents and employees as described herein was willful and intentional and part of a corporate policy, procedure and practice. Furthermore, Defendants willfully failed to pay Plaintiff proper compensation for all overtime hours worked at the appropriate rate of overtime pay.

70.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount to be proven at time of trial.

## THIRD CAUSE OF ACTION

### Failure to Pay All Regular Wages

*(California Labor Code § 204; California Labor Code §§ 1197.1*
*and 1199 and the Wage Order)*

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

71.     Plaintiff realleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

72.     At all times relevant herein, Defendants were required, by California *Labor Code* § 204, § 1197.1, §1199 and the Wage Order, to compensate Plaintiff correct and proper regular wages for all regular hours worked.

73.     As a pattern and practice, Defendants regularly required Plaintiff to work more than eight (8) hours in a day, and forty (40) hours in a week; and required Plaintiff to work through meal and rest breaks.  Regardless of the number of hours worked, Plaintiff received the same pay, without payment of wages for all hours actually worked.

74.     As a pattern and practice, Defendants regularly failed to pay Plaintiff for all hours worked in excess of eight (8) hours in one day or forty (40) hours in a week, and failed to pay Plaintiff for working through meal periods and rest period the proper wages for all hours worked.

75.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### (California *Labor Code* § 1194, 11.942 and 1197.1)

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

76.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

77.     This cause of action is brought pursuant to California *Labor Code* § 1194, which provides that non-exempt employees are entitled to the statutory hourly minimum wage for work performed.

78.     At all times relevant herein, Defendants were required to compensate Plaintiff at least the statutorily mandated minimum wage for all regular hours worked.

79.     As a pattern and practice, Defendants regularly required Plaintiff to work more hours and different hours than were recorded on his time sheets.

80.     As a result, Defendants regularly failed to pay Plaintiff the statutorily required minimum wage for all hours worked.

81.     Defendants' conduct as alleged herein is in violation of California *Labor Code* § 1194 and the Wage Order.  Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff for all hours worked at minimum wages as required by California law.

82.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, for damages and wages owed, and for liquidated damages, penalties, interest, costs and attorney's fees.

## FIFTH CAUSE OF ACTION

### Failure to Allow or Pay for Meal Periods

### (California *Labor Code* §§ 226.7 and 512)

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

83.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

84.     At all times relevant herein, Defendants were required to provide Plaintiff with meal periods that comply with the California *Labor Code* and applicable regulations and the Wage Order, including California *Labor Code* §§ 226.7 and 512.

85.     Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff statutorily compliant meal periods.

86.     Consistent with Defendants' policy, practice and pattern, Defendants regularly staffed shifts Production/Lab Associates in a way that did not allow Plaintiff to take or timely take uninterrupted, duty-free meal periods.  As a pattern and practice,

Defendants regularly failed to accurately record meal periods.  Furthermore, pursuant to Defendants' corporate policy, procedure and practice, Defendants improperly recorded the timing and taking of meal periods by editing the hours worked by Plaintiff to reflect that meal periods were taken when in fact they were not taken, or to reflect a different time than the meal periods were actually taken, or a different amount of time taken for meal periods than was in fact actually taken.

87.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff proper meal period premium wages for all non-compliant or missed meal periods.

88.    Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, A for damages and wages owed, and for penalties, interest, costs and attorney's fees.

89.    Accordingly, Plaintiff is entitled to one (1) hour of compensation at his regular hourly rate for each workday that the proper meal periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper meal periods were not provided in penalty wages pursuant to California *Labor Code* § 226.7 and the Wage Order.

90.    Plaintiff is further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which he was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which he was underpaid, in addition to any amount sufficient to recover underpaid wages.

///

///

///

///

### SIXTH CAUSE OF ACTION

**Failure to Allow or Pay For Rest Periods**

**(California *Labor Code* §226.7)**

**-BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-**

91.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

92.      At all times relevant herein, Defendants were required to provide Plaintiff with rest periods that comply with the California *Labor Code* and applicable regulations and IWC wage order, including California *Labor Code* § 226.7.

93.      Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly failed to provide, and in fact denied, Plaintiff statutorily compliant rest periods.

94.      Consistent with Defendants' corporate policy, practice and pattern, Defendants regularly staffed shifts in a way that did not allow Production/Lab Associates to take or timely take mandated rest periods.

95.      Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff proper rest period premium wages for all non-compliant or missed rest periods.

96.      Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff, for damages and wages owed, and for penalties, interest, costs and attorney's fees.

97.      Plaintiff was regularly scheduled as a matter of uniform company policy to work, and in fact worked, without rest breaks in violation of California *Labor Code* §§ 226.7 and 512 and the Wage Order, in that he is and was not permitted to take one (1) ten (10) minute rest break for every four (4) hours worked.

98.     Accordingly, Plaintiff is entitled to one (1) hour of compensation at his regular hourly rate for each workday that the proper rest periods were not provided and one (1) hour of compensation at their regular hourly rate for each workday that the proper rest periods were not provided in penalty wages pursuant to *California Labor Code* § 226.7 and the Wage Order.

99.Plaintiff is further entitled to civil penalties under California *Labor Code* § 558 as follows:  For the initial violation, Fifty Dollars ($50.00) for each pay period for which he was underpaid, in addition to any amount sufficient to recover underpaid wages; and, for each subsequent violation, One Hundred Dollars ($100.00) for each pay period for which he was underpaid, in addition to any amount sufficient to recover.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### (California *Labor Code* § 226(a))

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

100.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

101.     At all times relevant hereto, California *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is

the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

102.    Defendants failed and continue to fail in their affirmative obligation to keep accurate payroll records reflecting the actual hours worked, and the amount of compensation due to Production/Lab Associates. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

103.    For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total number of hours worked, rates of pay, rates of overtime pay (as a result of Defendants' failure to record proper overtime hours worked, and to properly calculate the overtime rate of pay), and daily or weekly overtime pay.  As a result, Defendants failed to provide true and accurate wage statements to Plaintiff, as required by California *Labor Code* § 226.

104.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

105.    Plaintiff is entitled to recover from Defendants the greater of actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

### EIGHTH CAUSE OF ACTION

**Waiting Time Penalties**

**(California *Labor Code* §§ 201-203 and 558)**

**-BROUGHT BY PLAINTIFF AND THE CALIFORNIA SUBCLASS-**

106.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

107.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201 through 203.

108.     Defendants failed to pay Plaintiff her final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

109.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff.

110.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to pay wages due and owing to Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

## EIGHTH CAUSE OF ACTION
### PENALTIES UNDER CALIFORNIA LABOR CODE § 558
### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

111.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

112.     California Labor Code Section 558 provides:

> "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (l) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid

wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

113.     At all times relevant, Defendants, and each of them, have routinely and systematically committed numerous violations of IWC Wage Orders 4 and/or 7, as detailed above, including but not limited to failure to pay Plaintiff and NON-EXEMPT PRODUCTION/LAB ASSOCIATE all wages due, including the minimum wage, overtime or double time premium wages as required by law, and failing to provide full and compliant duty free meal and rest breaks.

114.     Pursuant to Labor Code section 558, Plaintiff is entitled to recover a penalty of $50.00 for the initial failure to compensate NON-EXEMPT PRODUCTION/LAB ASSOCIATE for all hours worked, at the applicable rates, or failure to pay meal and rest period penalties for Defendants' failure to provide full, duty free meal and/or rest breaks; and $100.00 for each subsequent failure by Defendants.

115.     As a proximate result of Defendants' failure to pay overtime and/or double time wages as alleged above, Plaintiff is entitled to recover from Defendants penalties pursuant to section 558 in excess of $100,000.00 or such greater amount as may be established according to proof at trial, for an award of interest, including prejudgment interest, at the legal rate, and for costs of suit.

116.     Plaintiff is informed and believes and thereon alleges that Defendants individually and jointly, qualify as an "employer or other person acting on behalf of an employer," of each NON-EXEMPT PRODUCTION/LAB ASSOCIATE  who suffered the Labor Code violations alleged in this Complaint.  Plaintiff further alleges, on information and belief, that Defendants, individually and jointly, in their capacity as an employer, caused the Labor Code violations which are alleged in this Complaint.

///

## NINTH CAUSE OF ACTION

### Unfair Business Practices

### (California *Business and Professions Code* §§ 17200, *et seq.*)

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

117.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

118.    Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, requiring Plaintiff and other Production/Lab Associates to perform the labor complained of herein without overtime compensation, regular compensation or minimum wage for all hours worked, failing to provide meal and rest breaks, and failing to provide itemized wage statements.    Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

119.    Plaintiff, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.    Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.    The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

120.    Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

121.    Plaintiff and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the NON-EXEMPT PRODUCTION/LAB ASSOCIATE pray for judgment as follows:

1.    For nominal damages;

2.    For compensatory damages;

3.    For restitution of all monies due to Plaintiff, and disgorged profits from the unlawful business practice of Defendants;

4.    For penalties pursuant to Labor Code §§ 206, 210, 226, 226(e), 226.3, 226.7, 512, 558, and 1194

5.    For waiting time penalties pursuant to Labor Code § 203;

6.    For interest accrued to date;

7.    For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

8.    For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194;

9.    For all penalties permitted by California Labor Code § 558;

10.   For Civil Penalties;

11.   For all penalties permitted by the FLSA; and

12.   For all such other and further relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all applicable claims.

Dated**:** June 15, 2017                  **Law Offices of Todd M. Friedman, P.C.**

By:_/s/ Todd M. Friedman_____
Todd M. Friedman, Esq.
Attorneys for Plaintiff