UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-04461 JAK (RAOx) | Date | January 18, 2019 |
| Title | Armando Polino v. Toyo Ink America, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION FOR APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT (DKT. 42) JS-6**

The Complaint in this action was filed on June 15, 2017. Dkt. 1. A First Amended Complaint (the "FAC") was filed on August 14, 2017. Dkt. 15. On behalf of a putative class, the FAC alleges certain violations of the Fair Labor Standards Act and the California Labor Code. It also seeks penalties under the California Private Attorney General Act ("PAGA") in connection with the alleged violations of the California Labor Code. A related case between these parties was filed in the Orange County Superior Court on June 21, 2017, and removed on August 22, 2017. No. SA CV17-01441 JAK (RAOx) (the "1441 Action"), Dkt. 1. The 1441 Action alleges whistleblower retaliation in violation of Cal. Lab. Code §§ 1102.5 *et seq*. and 232.5(c) and wrongful termination in violation of public policy. The 1441 Action alleges claims only on an individual basis and does not seek any penalties under PAGA.

On September 11, 2018, the parties filed a separate stipulation to dismiss each case. Dkt. 40; 1441 Action, Dkt. 36. Both were approved. Dkt. 41; 1441 Action, Dkt. 37. Accordingly, both actions were dismissed with prejudice as to the claims of the named Plaintiff. This action was dismissed without prejudice to the claims of any other putative class members. Dkt. 41. On October 19, 2018, Plaintiff filed a motion (the "Motion") to dismiss the PAGA claims asserted in this action with prejudice. Dkt. 42.[1] On November 8, 2018, Defendant filed a notice of non-opposition to the Motion. Dkt. 44. The Court has determined that this matter is appropriate for decision without oral argument under the standards of Local Rule 7-15 and Fed. R. Civ. P. 78(b). Therefore, the Motion is taken off the hearing calendar for March 11, 2019. No appearances are required at that time.

Based on a review of the Motion, Plaintiff was ordered to "submit a statement, supported by a declaration or other admissible evidence, as to . . . the financial terms of the settlement of his individual claims, as well as his position as to why the allocation of the settlement amount between those claims and the PAGA claim is reasonable and appropriate" (the "First Order"). Dkt. 45. Plaintiff timely filed a response (the "Supplemental Motion"). Dkt. 46.

[1] The Motion was untimely. It should have been filed on or before the date on which the stipulation was filed reflecting an agreement to dismiss all other claims in the action. The Motion was filed initially, in error, in the 1441 Action, and later refiled in this action pursuant to a November 29, 2018 Order. 1441 Action, Dkt. 42. Subsequent filings were also made in error on the docket of the 1441 Action. This Order refers to dates when filings were initially made, which are not the same as the dates when the submissions were refiled in this action.

On December 6, 2018, an Order was issued (the "Second Order"). Dkt. 47. It concluded that the Supplemental Motion provided adequate responses to the questions posed about Plaintiff's individual claims. However, it also determined that Plaintiff had not provided an adequate response as to the PAGA claims. *Id.* at 1-2. Plaintiff was required to file a supplemental brief in support of the Motion that addressed these issues. That brief was to "provide information as to the basis for the amount of the PAGA settlement. This may include any calculation(s) that were made and/or presented in the course of litigation, including in the discovery or settlement process, regarding the range of potential penalties available under PAGA in connection with Plaintiff's claims." *Id.* at 2. In response, Plaintiff timely filed a second supplemental brief in support of the Motion (the "Second Supplemental Motion"). Dkt. 48.

The Second Supplemental Motion responds adequately to the outstanding questions concerning Plaintiff's PAGA claims. It states that the information obtained through discovery showed that Plaintiff was not likely to prevail on several of the factual bases for the PAGA penalties that were sought. *See* Second Supplemental Motion, Dkt. 48 at 1-2, 4. It also states that maximum PAGA penalties were likely to be modest because "there was only one other employee" who was similarly situated to Plaintiff, and penalties in connection with Plaintiff were limited in light of the duration of his employment. *Id.* at 4. This new information provides a sufficient basis to determine that it was reasonable to allocate $1000 toward the PAGA claims, with 75% awarded to the Labor & Workforce Development Agency, as stated in the settlement agreement. *See* Dkt. 42 at 14.

For the foregoing reasons, as well as those stated in the Second Order, the Motion is **GRANTED**. This action will be **DISMISSED WITH PREJUDICE** on those terms provided in the Settlement Agreement (Exhibit A to Motion, Dkt. 42 at 10-20). These include that the Court retains jurisdiction with respect to all matters related to the administration and implementation the Settlement Agreement and any and all claims asserted in, arising out of, or related to the subject matter of the action, including but not limited to all matters related to the Settlement and the determination of all disputes that may arise about its implementation and terms. Other than as expressly provided by the Settlement Agreement, all parties shall bear their own costs and fees. On or before January 28, 2019, the parties shall file an amended stipulation of dismissal and proposed order. The stipulation and proposed order shall reflect that they supersede the previously filed stipulation (Dkt. 40) and Order granting it. Dkt. 41.

**IT IS SO ORDERED.**

:

Initials of Preparer ak